# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TOMAZ JAVON WILLIS, )
)
               Petitioner, )
v. )       Case No. CIV-10-776-D
)
GREG PROVINCE, WARDEN, )
)
               Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, Tomaz Javon Willis, appearing *pro se*, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 [Doc. #1] challenging the constitutionality of his state court conviction in Case No. CF-2007-6955 in the District Court of Oklahoma County, State of Oklahoma. Respondent has filed a response [Doc. #7] and Petitioner has filed a reply [Doc. #14]. The matter is now at issue. For the reasons set forth below, it is recommended that the petition be denied.

## I.   Procedural History

On August 26, 2008, Petitioner was convicted of First Degree Robbery, in violation of Okla. Stat. tit. 21, § 791, After Conviction of a Felony. In accordance with the jury's recommendation, the state trial court sentenced Petitioner to 12 years imprisonment.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction. *See* Response, Exhibit 3, OCCA Summary Opinion. Petitioner then filed an application for post-conviction relief which was denied by the state district court. Petitioner appealed the denial to the OCCA. *See* Response,

Exhibit 4, Petition in Error. The OCCA affirmed the state district court's denial of post-conviction relief. *See* Response, Exhibit 5, OCCA Order Affirming Denial of Post-Conviction Relief.

## II.   Factual Background

On or about October 31, 2007, Donnie Jeffries was at a local convenience store purchasing beer and cigarettes. While inside the convenience store, Jeffries encountered Petitioner, who engaged in rude conduct toward Jeffries.

Jeffries exited the convenience store and headed to his van. Petitioner's car was parked next to Jeffries' van. As Jeffries approached his van, Petitioner blocked his path. He said to Jeffries "my people are here." A woman and two other men approached. The woman sprayed Jeffries with mace. Jeffries was then kicked and beaten. Jeffries' coat, a cell phone and $400 was taken. Jeffries suffered a split lip, two cracked teeth, complete dislodgement of another tooth, and injuries to his ribs.

Jeffries reported the crime to police, and Petitioner was subsequently arrested on charges of Robbery in the First Degree.

## III.   Grounds for Federal Habeas Corpus Relief

In this habeas action, Petitioner raises the following eight grounds for federal habeas relief: (1) the trial court violated Petitioner's statutory and constitutional rights by excluding the defense's impeachment evidence; (2) admission of other crimes evidence denied Petitioner of his fundamental right to a fair trial; (3) the evidence was insufficient to sustain the conviction; (4) the trial court erred by failing to instruct the jury on the legal definition

of the term "serious bodily injury"; (5) the cumulative effect of errors deprived Petitioner of a fair trial; (6) Petitioner's appellate counsel was ineffective for not filing a motion for rehearing following the OCCA's decision on direct appeal; (7)(a)Petitioner's appellate counsel was ineffective for not challenging the State's failure to prove the first seven elements of the offense; and (b) the affidavit of probable cause supporting the arrest warrant contained false and misleading information; and (8) Petitioner timely filed his Motion for Supplementation of the Record and Request to Remand for Evidentiary Hearing on post-conviction proceedings before the OCCA, and the OCCA erred by failing to rule upon the motion.

Petitioner raised Grounds One through Five on direct appeal of his conviction. Petitioner raised Ground Six in state post-conviction proceedings. As discussed below, the claims raised in Grounds Seven and Eight have never been properly presented to the state courts for review and are now procedurally defaulted.

## IV. <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards of review apply to Petitioner's grounds for relief, adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004). Pursuant to the AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under this standard, judicial review is directed to the result of the state

appellate court's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result – not its rationale – is 'legally or factually unreasonable.'").

A state court decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different," "opposite in character or nature," or "mutually opposed" to the Supreme Court decision itself. *Id*. at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists.'" *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (*quoting Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)). "Thus, 'only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254.'" *Id*. (*quoting Maynard*, 468 F.3d at 671). As the Supreme Court recently emphasized, "AEDPA prevents defendants – and federal

courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 130 S.Ct.1855, 1866 (2010).

## V.     Analysis

### A.     Grounds One through Five Raised on Direct Appeal

The Court first addresses those claims for relief raised in Grounds One through Five of the Petition.  As noted, Petitioner raised these claims on direct appeal of his conviction to the OCCA, and the OCCA denied the claims on the merits.

#### 1.     Ground One – Exclusion of Defense's Impeachment Evidence

Donnie Jeffries, the victim of the crime, testified as the State's primary witness.  At trial, defense counsel sought to impeach Jeffries by attempting to introduce evidence of his alcoholism and prior DUI convictions.  *See* State Court Record [Doc. #15], Transcript of Jury Trial Had on the 25th Day of August, 2008 (Tr.), Vol. I at 43-45.  In response to questioning by defense counsel, Jeffries testified that he had a drinking problem.  Tr. Vol. I at 44. Defense counsel then attempted to explore the history of that drinking problem but was met with an objection by the prosecution, and the objection was sustained by the trial court.  Tr. Vol. I at 44.  Defense counsel next elicited testimony from Mr. Jeffries that he was a convicted felon, with four or five felony convictions.  Tr. Vol. I at 45.  He was not, however, permitted to elicit testimony from Mr. Jeffries about the nature of the felonies, including whether all of the prior felonies were DUI convictions.  Tr. Vol. I at 45.  The trial judge excluded the testimony on grounds that a DUI conviction is not a crime of dishonesty or moral turpitude.  Tr. Vol. I at 44-45.

Petitioner claims exclusion of this testimony violated his right to a fundamentally fair trial because the testimony was crucial to establishing the unreliability of the victim's testimony. The OCCA rejected this claim on direct appeal. The OCCA stated the following in support of its determination:

> [T]he trial court permitted inquiry into the fact that the victim of the robbery had multiple felony convictions, of recent vintage, and that he had a drinking problem. The victim denied that his perception of the robbery was influenced by alcohol consumption. Appellant fails to show how the details of the victim's prior felony convictions were relevant to either his veracity as a witness, or his ability to perceive on the night of the robbery. The jury was properly instructed that a witness's criminal history could be used to gauge his veracity. The trial court did not abuse its discretion in handling cross-examination of the robbery victim.

*See* OCCA Summary Opinion at 2 (citations omitted).

"In a habeas proceeding claiming a denial of due process, '[the court] will not question the evidentiary or procedural rulings of the state court unless [the petitioner] can show that, because of the [state] court's actions, his trial, as a whole, was rendered fundamentally unfair.'" *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995) (*quoting Tapia v. Tansy*, 926 F.2d 1554, 1557 (10th Cir. 1991)). "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." *Id.* (citation omitted).

Here, the jury heard evidence of the victim's drinking problem and the fact of his multiple prior felony convictions. The jury was also instructed that the victim's credibility should be assessed in light of these prior convictions. *See* Response, Exhibit 7, Instruction

Number 17.[1]  Petitioner has failed to demonstrate that additional details of those prior felony convictions were material and that the exclusion of the evidence rendered his trial fundamentally unfair.[2]  The OCCA's determination of this issue is not contrary to or an unreasonable application of clearly established federal law, and Ground One of the Petition should be denied.

### 2.        Ground Two – Admission of Other Crimes Evidence

Petitioner claims in Ground Two of the Petition that the admission of other crimes evidence deprived him of a fundamentally fair trial.  Evidence was admitted at trial that following the robbery, Petitioner threatened the victim, Mr. Jeffries, for reporting the crime to police.  Tr. Vol. I at 31-32.  Petitioner claims the admission of this other crimes evidence

---

[1]Instruction Number 17 read:

> Evidence has been presented that Donnie Jeffries has heretofore been convicted of criminal offenses.  This evidence is called impeachment evidence, and it is offered to show that the witness's testimony is not believable or truthful.  If you find that these convictions occurred, you may consider this impeachment evidence in determining what weight and credit to give the credibility of that witness.  You may not consider this impeachment evidence as proof of innocence or guilt of the defendant.  You may consider this impeachment evidence only to the extent that you determine it affects the believability of the witness, if at all.

> CR 9-22.

*See id.*

[2]As the OCCA noted, Petitioner testified he was not under the influence of alcohol at the time the crime occurred.  *See* OCCA Summary Opinion at 2; *see also* Tr. Vol. I at 46.

deprived him of a fundamentally fair trial. He also claims he did not receive adequate notice that the State would introduce this evidence at trial.[3]

The OCCA addressed this claim on direct appeal and found that the evidence was properly admitted:

> [T]he State presented evidence that weeks after he was charged in this matter, Appellant approached the victim and threatened him for reporting the robbery. The trial court correctly ruled that this evidence was relevant, since post-offense threats to a prosecuting witness are relevant to show a defendant's consciousness of guilt. The trial court also correctly ruled that it was admissible despite the State's late notice of its intention to offer it. Appellant had actual notice from the fact that he had been formally charged with witness intimidation. In fact, that charge was consolidated with the instant robbery charge for preliminary hearing. The trial court did not abuse its discretion in admitting this evidence.

*See* OCCA Summary Opinion at 2 (citations omitted). As the Tenth Circuit has observed, "[t]he OCCA has repeatedly allowed the admission of evidence of other crimes to prove motive, common scheme, identity, plan, knowledge, or absence of mistake or accident." *Hale v. Gibson*, 227 F.3d 1298, 1321 (10th Cir. 2000) (*citing Huskey v. State,* 989 P.2d 1, 3 (Okla.Crim.App.1999); *Douglas v. State*, 951 P.2d 651, 673 (Okla.Crim.App.1997)). In *Hale*, the OCCA had deemed admissible as other crimes evidence testimony by a witness that the petitioner "beat him up when he discovered that [the witness] was going to testify against him," and the Tenth Circuit rejected petitioner's ineffective assistance of counsel claim

---

[3]The State filed its Notice of Intent to Use Evidence of Other Crimes on August 18, 2008, seven days prior to the commencement of trial. *See* Response, Exhibit 7, State Court Record, Notice. Oklahoma law requires at least ten days' notice. *See Burks v. State*, 594 P.2d 771, 774 (Okla. Crim. App. 1979).

premised on counsel's failure to object to the admission of this evidence. *Id.* at 1321. As the Tenth Circuit noted, the OCCA finds this type of evidence admissible as other crimes evidence "'to infer a consciousness of guilt from an attempt to improperly influence or cause the absence of a material witness at trial.'" *Id.* (*quoting Powell v. State*, 995 P.2d 510, 527 (Okla. Crim. App. 2000)).

Petitioner similarly has failed to demonstrate that any untimely notice by the State of its intent to admit this evidence deprived him of a fundamentally fair trial. As the Tenth Circuit also observed in *Hale*, the requirement of advance notice under Oklahoma's *Burks* rule "is to ensure that the defendant is not surprised by the admission of other crimes evidence, and to allow the defendant time to be heard on the other crimes evidence before it is presented to the jury." *Hale*, 227 F.3d at 1322 (*citing Malicoat v. State*, 992 P.2d 383, 402-403 (Okla. Crim. App. 2000)). As the OCCA found on Petitioner's direct appeal, here, Petitioner clearly had advance notice "from the fact that he had been formally charged with witness intimidation." *See* OCCA Summary Opinion at 2. Accordingly, Petitioner has failed to demonstrate a denial of due process in the admission of other crimes evidence, and the OCCA's determination of this issue is not contrary to or an unreasonable application of clearly established federal law. Ground Two of the Petition, therefore, should be denied.

### 3. **Ground Three – Sufficiency of the Evidence**

In his third ground for relief, Petitioner claims the evidence was insufficient to support his conviction for First Degree Robbery. Petitioner contends the victim's testimony established he did not commit the crime. Petitioner relies on Mr. Jeffries' testimony that he did not actually see Petitioner kick him, rob him, spray him with Mace or take his money or wallet from him. Petitioner's claim is without merit.

Petitioner raised this claim on direct appeal. Rejecting the claim on the merits, the OCCA applied the proper standard governing sufficiency of the evidence challenges as set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[4] *See* OCCA Summary Opinion at 3. Therefore, Petitioner is entitled to relief only if the OCCA's rejection of his insufficiency of the evidence argument on direct appeal of his conviction was contrary to or an unreasonable application of *Jackson*.

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction [is] . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. In conducting this inquiry, the court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id*. at 318-319 (citation omitted).

---

[4]Although the OCCA cited its own precedent in support of this standard, and not *Jackson*, as the Tenth Circuit has found, the OCCA's precedent comports with the *Jackson* standard. *See Torres v. Mullin*, 317 F.3d 1145, 1152 n. 3 (10th Cir. 2003) ("Even though the OCCA did not cite *Jackson*, we note, as does the respondent, that Oklahoma has adopted the *Jackson* standard for assessing the sufficiency of the evidence.") (citations omitted).

"Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citation omitted). As the Supreme Court has explained, "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* On review, this evidence must be considered in the light most favorable to the prosecution so as to preserve the factfinder's role as weigher of the evidence. *Id.*

Mr. Jeffries testified he encountered Petitioner at a convenience store while making a purchase there. Petitioner acted rudely toward Mr. Jeffries inside the store. Tr. Vol. I at 17-20. Mr. Jeffries exited the store and walked towards his van. Petitioner's car was parked next to Mr. Jeffries' van. Tr. Vol. I at 19-20. Petitioner stepped in front of Jeffries, blocking the path to his van. Tr. Vol. I at 21. Petitioner said to Mr. Jeffries: "my people are here." Tr. Vol. I at 22. At that point, a tall skinny guy and a female approached. Tr. Vol. I at 22-23. Another man was next to Petitioner. Tr. Vol. I at 25. The female sprayed mace at Jeffries and then Jeffries was attacked. Tr. Vol. I at 25. Jeffries could not see anything because of the mace but he felt himself being kicked and beaten, his coat coming off and money coming out of his pocket. Tr. Vol. I at 26. He was dazed from the beating (almost unconscious) and suffered a split lip, cracked teeth, another tooth completely dislodged and injuries to his ribs. Tr. Vol. I at 27. Afterwards, he discovered his leather coat, cell phone and $400 had been taken. Tr. Vol. I at 28.

In support of his sufficiency of the evidence challenge, Petitioner relies on the following testimony of Jeffries, elicited on cross-examination by defense counsel:

Q.     Now, to make sure I understand this correctly you never saw this man hit you.

A.     No.

Q.     You never saw this man kick you?

A.     No.

Q.     You never saw this man rob you?

A.     No, I can't say that.

Q.     I'm sorry, you saw him rob you?

A.     I say, I can't say that.

Tr. Vol. I at 33.

Although Jeffries could not see Petitioner actually beating him or taking his property – due to having been sprayed with mace – his testimony clearly established Petitioner was directly involved in the robbery. In addition, a few weeks after Jeffries reported the robbery to police and charges had been brought against Petitioner, Petitioner approached Jeffries and made threatening remarks to him. Tr. Vol. I at 31-32.

As the OCCA determined "a rational juror could easily conclude that Appellant was a principal to (indeed, the instigator of) the robbery, regardless of whether the victim could identify which members of the group or assailants beat him or took his belongings." *See* OCCA Summary Opinion at 3 (citations omitted).

Based on review of the entire record and application of the proper standards, the Court concludes the evidence is constitutionally sufficient and the OCCA's determination of the issue is not contrary to or an unreasonable application of *Jackson*. Accordingly, Ground Three of the Petition should be denied.

### 4.      <u>Ground Four – Failure to Instruct</u>

Petitioner claims in Ground Four, that the trial court erred by failing to instruct the jury on the legal definition of the term "serious bodily injury". In accordance with Oklahoma's Uniform Jury Instructions (OUJI), the jury was instructed as follows as to the elements of Robbery in the First Degree:

<u>First</u>, wrongful;

<u>Second</u>, taking;

<u>Third</u>, carrying away;

<u>Fourth</u>, personal property;

<u>Fifth</u>, of another;

<u>Sixth</u>, from the person;

<u>Seventh</u>, when, in the course of the robbery;

<u>Eighth</u>, the defendant inflicted serious bodily injury upon the other person.

*See* Record [Doc. #15], Instructions to the Jury, Instruction No. 20, *citing* OUJI-CR 4-141.

As previously set forth, the testimony of the victim, Jeffries, established that he was beaten to a daze (almost unconscious), lost a tooth, that other teeth were cracked, he suffered a split lip and his ribs were sore. These injuries constitute "serious bodily injury" in the plain

and general understanding of that term. As the OCCA found, rejecting this claim of error on direct appeal:

> The trial court's failure to define, *sua sponte*, the term "serious bodily injury," an element of the State's charge, was not plain error. The term is not so technical as to require any elaboration. Whether the evidence showed "serious bodily injury" was a question of fact, and a rational juror could reasonably find that degree of injury here, where the victim was beaten unconscious, had teeth damaged and knocked out, and suffered permanent disfigurement to his lip.

*See* OCCA Summary Opinion at 3 (citations omitted).

The Supreme Court has stated that, with respect to alleged errors in jury instructions, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the error had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir.1990). The petitioner who attacks a state conviction on the basis of the jury instructions "has a great burden." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir.1995).

Here, Petitioner fails to satisfy the great burden necessary for federal habeas relief. As the OCCA properly found, the term "serious bodily injury" "is not so technical as to require any elaboration." *See* OCCA Summary Opinion at 3. Moreover, the evidence clearly supported a finding that Petitioner (and/or his accomplices) did inflict upon the victim serious bodily injury. Petitioner has not demonstrated the OCCA's adjudication of this issue is

contrary to or an unreasonable application of clearly established federal law, and Ground Four of the Petition should be denied.

### 5. Ground Five – Cumulative Error

Petitioner claims that the cumulative error arising out of the claims raised in Grounds One through Four of the Petition entitles him to federal habeas relief. Petitioner raised this claim on direct appeal and the OCCA denied the claim. *See* OCCA Summary Opinion at 3 ("[H]aving found no error in the preceding claims, we find no error by accumulation.").

In reviewing a claim of cumulative error, the court may only consider actual errors for purposes of determining whether a due process violation has occurred. *See Le v. Mullin*, 311 F.3d 1002, 1023 (10th Cir. 2002) ("[A] cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.") (*citing United States v. Rivera*, 900 F.2d 1462,1470-71 (10th Cir. 1990)). *See also Workman v. Mullin*, 342 F.3d 1100, 1116-1117 (10th Cir. 2003) ("Workman's sentence cannot be unconstitutional due to cumulative error because we have not found that the district court committed error."). This Court has reviewed the claims raised in Grounds One through Four of the Petition and found no error. Therefore, Petitioner's cumulative error claim is without merit. Ground Five of the Petition should be denied.

**B.** **Additional Grounds for Habeas Relief Raised Not Raised on Direct Appeal**

**1.** **Ground Six – Ineffective Assistance of Appellate Counsel**

In Ground Six of the Petition, Petitioner identifies his Ground for habeas relief as follows: "Defendant Case is a Violation of Statutory Constitutional Rights to Impeachment Clause." *See* Petition at 9. Petitioner further incorporates by reference arguments set forth in his Application for Post Conviction Relief at pages 1-5. *See id.*, *see also* Petition, Attachment [Doc. #1-3] at electronic pages 6-12, State District Court Application for Post-Conviction Relief (Brief). Petitioner's application is vague and conclusory seeking relief on grounds of the "impeachment clause" as a "violation of due process," "ineffective assistance of counsel," "cumulative effect of errors" and "exclusion of evidence." *See id.*, State District Court Application for Post-Conviction Relief. However, Petitioner further attaches the state district court's Order Denying Application for Post-Conviction Relief, *see* Petition, Attachment [Doc. #1-3] at electronic pages 20-24, where the state district court identified Petitioner's post-conviction claims as follows:

Proposition I: The trial court erred in limiting the defense impeachment of the victim with his prior convictions and history of drug abuse;

Proposition II: The State failed to prove the crime charged beyond a reasonable doubt where the victim could not testify that it was Petitioner who did anything to him and where the victim's testimony was otherwise uncorroborated;

Proposition III: The trial court erred in failing to give the jury an unspecified jury instruction;

Proposition IV: The State failed to provide notice of its intent to introduce evidence of other crimes and, thus, deprived Petitioner of due process and a fair trial;

| | |
|---|---|
| Proposition V: | The cumulative effect of the errors denied Petitioner a fair trial; and |
| Proposition VI: | Petitioner received ineffective assistance of appellate counsel where counsel failed to file a motion for rehearing following the decision of the Court of Criminal Appeals on direct appeal. |

*See id.*, State District Court Order Denying Application for Post-Conviction Relief at electronic page 21. The only claim not raised on direct appeal is Petitioner's ineffective assistance of appellate counsel claim.[5] The state district court found this claim lacked merit. *See id.* at electronic page 22. The OCCA affirmed this finding, and applied *Strickland v. Washington*, 466 U.S. 688 (1984) in finding Petitioner's ineffective assistance of appellate counsel to be meritless. *See* Response, Exhibit 5, OCCA Order Affirming Denial of Post Conviction Relief at 3.

The record shows Petitioner, appearing *pro se*, filed a Motion for rehearing and essentially reargued the claims raised on direct appeal and rejected by the OCCA. Petitioner also challenged the OCCA's summary opinion on grounds he had not been granted an oral hearing. *See* Petition, Attachment [Doc. #1-2] at electronic pages 46-48, Motion for Rehearing. The OCCA denied the motion for rehearing, rejecting Petitioner's *pro se* filing on grounds that Petitioner was represented by counsel and the OCCA's rules require the

---

[5]The state courts found these claims, raised in post-conviction proceedings, barred by res judicata as claims raised and addressed on direct appeal. *See* State District Court Order Denying Post-Conviction Relief at electronic page 22 and OCCA Order Affirming Denial of Post-Conviction Relief at 3. This Court has addressed the merits of the claims, *see* analysis, *infra*, because Petitioner raised them on direct appeal and brings them as his first five grounds for federal habeas relief.

attorney of record to file a petition for rehearing. *See id.* at electronic page 49, OCCA Order Denying *Pro Se* Motion for Rehearing.

While Petitioner claims counsel was ineffective for failing to file the motion, he fails to identify any prejudice. Significantly, the motion Petitioner filed on his own behalf merely reasserts the claims raised on direct appeal. The motion identifies no proper basis under the OCCA's rules for granting a motion for rehearing. *See* Rule 3.14(A)-(B), Rules of the Oklahoma Court of Criminal Appeals. Nor has Petitioner identified how the OCCA's denial of his ineffective assistance of appellate counsel claim is contrary to or an unreasonable application of *Strickland*. In addition, Petitioner fails to demonstrate how he was prejudiced by counsel's failure to request oral argument. For these reasons, Ground Six of the Petition should be denied.

### 2. <u>Grounds Seven and Eight – Procedural Bar</u>

Petitioner identifies his seventh ground for habeas relief as follows: "Motion for supplementation of Record and request to remand for Evidentiary Hearing." *See* Petition at 10. He incorporates by reference his Motion for Supplementation of Record and Request for Evidentiary Hearing at pages 1-9. *See id.*; *see also*, Petition, Attachment [Doc. #1-4] at electronic pages 9-17, Motion for Supplementation of Record and Request to Remand for Evidentiary Hearing, filed in the OCCA on June 22, 2010.

In the Motion, Petitioner raises two claims. First, he claims ineffective assistance of appellate counsel and contends appellate counsel "failed to argue that the State failed to 'present' any evidence that I took any property from the 'victim.'" *Id.* [Doc. #1-4] at

electronic page 10. He further claims the State failed to prove the first seven elements of the offense. Petitioner raised a second claim in his Motion for Supplementation of Record. For the first time, Petitioner challenged the affidavit of probable cause supporting his arrest warrant claiming the affidavit contained false and misleading information. *Id*. at electronic page 13.

In Ground Eight, Petitioner claims that he timely filed his Motion for Supplementation of Record and Request for Evidentiary Hearing with the OCCA in post-conviction proceedings and the OCCA erred in failing to rule upon this motion. The Court takes judicial notice of the OCCA's docket in Petitioner's post-conviction proceedings.[6] The docket shows Petitioner filed his motion on June 22, 2010, and six days later, on June 28, 2010, the OCCA entered its Order Affirming Denial of Post-Conviction Relief. The OCCA entered its Order Affirming Denial of Post-Conviction Relief without ruling upon Petitioner's motion.

Respondent has raised the defense of anticipatory procedural bar as to the claims raised in Grounds Seven and Eight of the Petition. Respondent claims Petitioner never properly presented these grounds for relief before the OCCA and they are unexhausted. While ordinarily unexhausted claims render a petition subject to dismissal, Respondent contends the claims should be denied, applying the defense of anticipatory procedural bar.

A petitioner seeking federal habeas corpus relief must first exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that "the federal issue has

---

[6]*See Willis v. State of Oklahoma*, Case No. PC-2010-129, Court of Criminal Appeals of the State of Oklahoma, available at www.oscn.net.

been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994). *See also Bland v. Sirmons*, 459 F.3d 999, 1011(10th Cir. 2006) (exhaustion requires that the claim be "fairly presented" to the state court, which "means that the petitioner has raised the 'substance' of the federal claim in state court"). As the United States Supreme Court has explained: "[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Picard v. Connor*, 404 U.S. 270, 275-276 (1971).

The record demonstrates Petitioner did not raise the claims set forth in Grounds Seven and Eight of the Petition either on direct appeal or in his application for post-conviction relief. Respondent is correct, therefore, that the claims are unexhausted. The presence of unexhausted claims renders the habeas petition a "mixed petition," that is, one containing both exhausted and unexhausted claims. Generally when a mixed petition is presented to the court, the petition must be dismissed, leaving the petitioner with the choice of returning to state court to exhaust state court remedies or amending and resubmitting the petition to the court to present only the exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Notwithstanding the exhaustion deficiencies with respect to these claims, it is clear that if Petitioner were to present these claims in a second application for post-conviction relief, the OCCA would deem the claims procedurally barred pursuant to Okla. Stat. tit. 22, § 1086. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007). *See also Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991) (if petitioner failed to exhaust state remedies,

the court should proceed to address the procedural default issue where "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

Petitioner has not demonstrated cause and prejudice to overcome procedural bar of these claims, nor does he allege facts to establish that failure to consider his claims would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Accordingly, it is recommended that the claims raised in Grounds Seven and Eight be denied on grounds of procedural default.[7]

---

[7]The Court further notes that Petitioner's ineffective assistance of appellate counsel claim raised in Ground Seven lacks merit. Petitioner claims appellate counsel "failed to argue that the State failed to 'present' any evidence that I took any property from the 'victim.'" He further claims the State failed to prove the first seven elements of the offense. Contrary to Petitioner's claim, however, appellate counsel brought a sufficiency of the evidence challenge on direct appeal, as analyzed above. *See* Petition, Attachment [Doc. #1-2] at electronic pages 31-34, Brief of Appellant; *see also* discussion, *infra* at pages 10-13. Because Petitioner's appellate counsel raised this claim on direct appeal, Petitioner fails to demonstrate deficient performance. *See Strickland*, 466 U.S. at 688, 694 (deficient performance requires showing that counsel's representation fell below an objective standard of reasonableness). And, as analyzed above, because Petitioner's claim challenging the sufficiency of the evidence lacks merit, Petitioner has failed to demonstrate prejudice. *See id.* at 694 (prejudice requires a showing that but for counsel's unprofessional errors, the result of the proceeding would have been different).

In addition, the claim raised in Ground Eight is not cognizable on federal habeas review. Petitioner claims in Ground Eight of the Petition that he timely filed his Motion for Supplementation of Record and Request for Evidentiary Hearing with the OCCA in post-conviction proceedings and the OCCA erred in failing to rule upon this motion. "The Constitution does not require states to provide post-conviction review at all." *Valdez v. Jones*, 2010 WL 5209322 at * 5 (10th Cir. Dec. 23, 2010) (unpublished op.) (*citing Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). "Alleged errors in a state post-conviction proceeding are not cognizable federal habeas claims because 'federal habeas corpus relief does not lie for errors of state law . . . .") *Id.* (*quoting Lewis v. Jeffers*, 497 U.S. 764 (1990)). Ground Eight of the Petition raises only state law claims. Accordingly, in addition to being procedurally barred, Ground Eight should be denied because it raises claims not cognizable in this § 2254 proceeding.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by February __8th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all matters referred by the District Judge in this case.

DATED this __18th__ day of January, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE