IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMAZ JAVON WILLIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-10-776-D |
| GREG PROVINCE, Warden, | ) ) ) |
| Respondent. | ) ) |

**<u>O R D E R</u>**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 16], issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1). Judge Couch recommends denial of the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, after a thorough analysis of all issues and claims. Petitioner has neither objected to the Report nor requested additional time to do so, although he was expressly advised of the right to object and the consequences of failing to make a timely objection.

The Court finds Petitioner has waived further review of all issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Also, the Court finds Judge Couch's analysis is correct. Therefore, the Court adopts the Report and Recommendation in its entirety. The Petition is denied on all grounds. Grounds One through Six lack merit, and Grounds Seven and Eight are barred by procedural default.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must also issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.

A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [ t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* When a habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Petitioner has not met either standard. Therefore, a COA is denied in this case.

IT IS SO ORDERED this 14th day of February, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE